UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERISURE MUTUAL
INSURANCE COMPANY, et al.,

       Plaintiffs,

   v.

REEVES YOUNG, LLC,

       Defendant.

CIVIL ACTION NO.
1:22-CV-02739-JPB

## ORDER

This matter is before the Court on Travelers Property Casualty Company of America's ("Travelers") Motion to Intervene [Doc. 5]. This Court finds as follows:

## BACKGROUND

This is a declaratory judgment action relating to an insurance coverage dispute. Amerisure Insurance Company ("AIC") and Amerisure Mutual Insurance Company ("AMIC") (together, the "Plaintiffs") are insurance companies that issued insurance policies to Reeves Young, LLC ("Defendant"). [Doc. 1, pp. 2–4]. More specifically, AIC issued a policy to Defendant for commercial general liability coverage (the "CGL Policy"), effective from June 30, 2016, through December 31, 2017. Id. at 3. Following the 2016-2017 period of the CGL Policy,

Defendant renewed the CGL Policy for periods covering 2017-2018 and 2018-2019.  Id.; [Doc. 5-1, p. 2].  Each CGL Policy period had a limit of insurance of $1,000,000 for each occurrence, subject to a $2,000,000 general aggregated limit. Id.

Likewise, AMIC issued a Commercial Umbrella Liability policy to Defendant (the "Amerisure Umbrella Policy") effective from December 31, 2017, through December 31, 2018.  [Doc. 1, p. 4].  Defendant renewed its Amerisure Umbrella Policy for an additional policy period, effective 2018-2019.  Id.; [Doc. 5-1, p. 3].  Each Amerisure Umbrella Policy period had a limit of insurance of $10,000,000 for each occurrence.  [Doc. 5-1, p. 3].

## A. The Underlying Lawsuit

The instant action relates to an underlying lawsuit pending in the Superior Court of Gwinnett County, Georgia (the "Underlying Lawsuit").  The Underlying Lawsuit is related to an apartment building construction project.  Plaintiffs allege that on May 20, 2016, Defendant entered into a subcontract agreement with a general contractor for Defendant to perform the soil compaction work on the project.  [Doc. 1, pp. 4–5].  Defendant performed the soil compaction work between the summer of 2016 and January 2017.  Id. at 5.  The project was

ultimately completed in August 2017 and a certificate of occupancy was issued on October 17, 2017.  Id.

According to Plaintiffs, a concrete slab in the apartment building showed signs of settling as early as May 2017.  Id.  Thereafter, a crack developed in the slab by December 2017.  Id.  Plaintiffs contend that soil testing revealed the use of soft, loose backfill materials that were not suitable for supporting the slab.  Id.  On January 28, 2022, the owner of the project, CCSHP, initiated the Underlying Lawsuit against Defendant in the Superior Court of Gwinnett County.  Id. at 6.  In its complaint, CCSHP alleged that Defendant failed to properly compact the soils which caused damage to a concrete slab and structural damage to the floors above the slab.  Id.  Defendant tendered defense and indemnity for the Underlying Lawsuit to AMIC and AMIC is currently defending Defendant in the state court action.  Id.

**B. The Instant Action**

On July 12, 2022, Plaintiffs filed the instant action against Defendant seeking a declaratory judgment that the only Amerisure policy triggered by the claims in the Underlying Lawsuit is the CGL Policy for the 2016-2017 policy period.  Id. at 22–23.  In other words, Plaintiffs seek a declaratory judgment that coverage is not available to Defendant under the 2017-2018 period of the CGL

Policy, the 2018-2019 period of the CGL Policy or under any period of the

Amerisure Umbrella Policy.  Id.  Thus, Plaintiffs ask the Court to declare that

coverage for the claims in the Underlying Lawsuit is limited to the $1,000,000

available under the 2016-2017 CGL Policy.  Id. at 23.

After learning of this suit in August 2022, Travelers filed the instant Motion

to Intervene on October 18, 2022.  [Doc. 5].  In its Motion, Travelers asserts that it

issued secondary insurance policies in excess of Amerisure's policies during each

policy year.  [Doc. 5-1, p. 2–3].  According to Travelers, it issued an umbrella

policy to Defendant effective June 30, 2016, through December 31, 2017 (the

"Travelers Umbrella Policy").  Id. at 3.  Travelers additionally asserts that it issued

two excess policies (the "Travelers Excess Policies") to Defendant effective 2017-

2018 and 2018-2019.  Id.  Travelers seeks to intervene as a matter of right under

Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, asks this Court

to grant the Motion to Intervene under Rule 24(b).  Id. at 2.  Travelers contends

that it has a vested interest in the outcome of the instant action because a

declaratory judgment as to which Amerisure policies are triggered will

significantly impact which of the Travelers policies are triggered.  Id.  Plaintiffs

oppose the Motion.  See [Doc. 7].  Travelers' Motion is now ripe for review.

## ANALYSIS

### A.    Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure governs the intervention of third parties in litigation.  Under Rule 24(a)(2), the Court must permit a third party to intervene as of right if the party meets the following four-part test:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

Stone v. First Union Corp., 371 F.3d 1305, 1308–09 (11th Cir. 2004) (quoting Worlds v. Dep't of Health & Rehab. Servs., 929 F.2d 591, 593 (11th Cir. 1991)). If a party "establishes each of the four requirements, the district court must allow him to intervene."  Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). But "[p]utative intervenors . . . bear the burden of proof to establish *all four* bases for intervention as a matter of right."  Burke v. Ocwen Fin. Corp., 833 F. App'x 288, 291 (11th Cir. 2020) (emphasis added).  The parties dispute Travelers' ability to meet factor three, and thus the Court discusses only that factor below.

The third factor asks whether the proposed intervenor "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  The Eleventh Circuit Court of

Appeals "has noted that the ability to separately litigate defeats the impairment element."  Burke, 833 F. App'x at 292.

Travelers asserts that any declaration that the CGL Policy is the only Amerisure policy triggered by the Underlying Lawsuit directly affects what, if any, amounts it may be required to pay under its policies issued to Defendant.  [Doc. 5-1, p. 10].  Travelers thus claims that the potential *stare decisis* effect resulting from the Underlying Lawsuit may cause it to "suffer practical disadvantage . . . if Travelers attempts to relitigate that issue in a later action."  Id. at 11–12.  The Court is not persuaded by these arguments.

As Travelers cites in its response brief, the Eleventh Circuit has communicated that "[w]here a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right."  Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989).  However, the Eleventh Circuit has also noted that "the ability to separately litigate defeats the impairment element."  Burke, 833 F. App'x at 292.

In Owners Insurance Co. v. Hawkins, this Court distinguished between situations where the intervenor was a party to an underlying action and those where

a party was simply factually interested in the outcome of the action.  No. 1:22-CV-01265, 2023 WL 1824930, at *3 (N.D. Ga. Feb. 7, 2023).  This Court denied intervention as a matter of right to the party that was not included in the underlying action because there is a "'general rule against the application of issue preclusion to nonparties to the prior litigation.'"  Id. (quoting Sellers v. Nationwide Mut. Fire Ins. Co., 968 F.3d 1267, 1272 (11th Cir. 2020)).

Similarly, here, Travelers is not a party to the Underlying Lawsuit, and it is unclear whether or how the outcome of this declaratory judgment action will significantly impair Travelers' ability to protect its interest.  As the Court sees it, Travelers may protect its interests by filing its own action against Amerisure. Intervention in the present lawsuit is not strictly necessary to achieve that end. See, e.g., Worlds, 929 F.2d at 594–95 (finding that this factor was not met where the prospective intervenors "ha[d] the opportunity to return to the district court in [a] separate suit").  Because Travelers has not made the required showing for this factor, it is not entitled to intervene as a matter of right in this action.

## B.    Permissive Intervention

The Court next considers whether it should nevertheless permit Travelers to intervene in the instant action.  Permissive intervention is governed by Rule 24(b). A party seeking to intervene under this rule "must show that:  (1) his application to

intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." Chiles, 865 F.2d at 1213. Even if a party makes this showing, the district court retains discretion to deny intervention. Id. This Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

1.   *Timeliness*

District courts consider four factors when determining whether a motion to intervene was timely filed:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

United States v. Jefferson County, 720 F.2d 1511, 1516 (11th Cir. 1983).

Travelers filed this Motion on October 18, 2022, approximately two months after learning of the action in August 2022. This period is a reasonable length of time between when Travelers learned of this matter and when it sought to intervene. See Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding that a six-month delay did not "in itself constitute[]

untimeliness," even when the motion to intervene was filed "after discovery was largely complete and the parties had agreed upon a schedule for the briefing of the case").[1]  As such, the Court finds that Travelers' Motion is timely.

  2.  *Common Question of Law or Fact*

  The Court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  Athens Lumber Co. v. FEC, 690 F.2d 1364, 1367 (11th Cir. 1982) (quoting Fed. R. Civ. P. 24(b)(2)).  Travelers' claim concerns its obligations under its secondary insurance policies for the structural damage allegedly caused by Defendant's soil compaction work.  The existing declaratory judgment action concerns Plaintiffs' obligations under their *primary* insurance policies for Defendant's soil compacting work and, specifically, which of those policies are triggered.  However, a finding as to which of the primary policies are triggered directly impacts which of the secondary policies are triggered.  Travelers' claim thus shares a question of law in common with the main action:  which of Amerisure's primary insurance policies are triggered by the structural damage allegedly caused by Defendant's soil compaction work.  This is sufficient to support permissive intervention.  See, e.g.,

---

[1] Although this case's timeliness analysis was in the context of intervention as of right, see U.S. Army Corps, 302 F.3d at 1259–60, "[t]his analysis applies whether intervention of right or permissive intervention . . . is claimed," Jefferson County, 720 F.2d at 1516.

Nationwide Mut. Fire Ins. Co. v. Waddell, No. 5:04-CV-429, 2005 WL 2319698, at *3 (M.D. Ga. Sept. 22, 2005) ("The issue in this case is whether the insurance policy obligates Plaintiff to defend any claims and/or indemnify any losses that may arise . . . . As a secondary insurer in this action, State Farm clearly has an interest sufficient to support its claim that Plaintiff is obligated under its insurance policy.").

Moreover, the Court believes that permitting Travelers to intervene in this action is in the best interest of judicial economy.  See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993) ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."); see also Lancer Ins. Co. v. Hitts, No. 5:09-CV-302, 2010 WL 2867836, at *3 (M.D. Ga. July 20, 2010) ("Allowing Amerisure to intervene now, therefore, will make the overall litigation proceed more efficiently because the Court will have the opportunity to resolve these related insurance contract disputes together.").  The Court will therefore allow Travelers to intervene in this action pursuant to Rule 24(b).

## CONCLUSION

For the foregoing reasons, the Motion to Intervene [Doc. 5] is **GRANTED**.

The Clerk is **DIRECTED** to add Travelers Property Casualty Company of

America as an Intervenor-Plaintiff in this action.

**SO ORDERED** this 31st day of August, 2023.

J. P. BOULEE
United States District Judge